**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Peter B. BLAS, Defendant–Appellant.**

**No. 05–10631.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 17, 2006.

Filed Oct. 25, 2006.

---

1. Benally concedes that the juror did not appear dishonest in any way.

Joseph Tock, U.S. Dept. of Justice, Office of the U.S. Attorney, Hagatna, GU, for Plaintiff–Appellee.

Howard Trapp, Esq., Hagatna, GU, for Defendant–Appellant.

Before: BRUNETTI, O'SCANNLAIN, and TROTT, Circuit Judges.

## MEMORANDUM *

Peter Blas appeals his convictions of (1) carrying a concealed weapon without a permit, and (2) entering military property for the purpose of illegal hunting. Blas contends there was insufficient evidence to sustain the convictions. There is sufficient evidence to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Carranza,* 289 F.3d 634, 641–42 (9th Cir.2002) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Given the deferential standard of review, we affirm.

■ When confronted by law enforcement officers regarding a weapon concealed in his truck, Blas produced only a non-concealed weapon permit. While the government failed to produce any direct evidence that Blas did not have a concealed weapon permit, such as a definitive report from the Guam Police Department, the jury was presented with sufficient circumstantial evidence for a jury to conclude that Blas had only a non-concealed weapon permit. Circumstantial evidence can be sufficient to sustain a conviction. *United States v. Miller,* 688 F.2d 652, 663 (9th Cir.1982).

■ As for the charge related to illegal hunting, a conservation officer testified that (1) Blas was carrying a rifle, (2) the trail Blas was cutting through the jungle led to a clearing frequented by game, and (3) the area contained many burn spots, which the officer testified suggested a technique used by hunters to attract game. Considering the evidence in the light most favorable to the government, a rational jury could have found beyond a reasonable doubt that Blas entered the base for the purpose of illegal hunting.

**AFFIRMED.**

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.